**Electronically Filed on June 5, 2006**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| INTERSPIRO, INC., Plaintiff, v. THE UNITED STATES, and MINE SAFETY APPLIANCES CO., Defendant-Intervenor. | Civil Action No. 06-425 C (Judge Firestone) |

**OPPOSITION OF INTERVENOR MINE SAFETY APPLIANCES COMPANY TO THE MOTION FOR A PROTECTIVE ORDER**

Defendant-Intervenor, Mine Safety Appliances Company ("MSA") opposes the Motion for a Protective Order submitted for filing this day, because it would permit unrestricted access to protected material to in-house counsel, Bruce S. Ramo, and permit immediate access to counsel for Scott Health & Safety ("Scott"), before Scott has even filed a complaint in this Court. To remedy these concerns, MSA proposes that the Court strike the following names from paragraph 2(e) of the proposed protective order and enter the order in all other respects: Bruce S. Ramo, Rand L. Allen, John A. McCullough, Daniel P. Graham, and William J. Grimaldi.

No one representing Scott should be admitted access to protected material at this time, because Scott has not even filed a complaint in this Court yet. Scott represented that it will file a protest in this Court challenging the contract award at issue in this case, and the parties initially sought to add outside counsel for Scott to this protective order, on the assumption that Scott would file its complaint by today. Scott, however, still has not filed its complaint. In no event should access to protected material be granted to counsel for an entity that is not a party to this action.

Mr. Ramo, however, should never be provided *unrestricted* access to protected material, as the proposed protective order would provide. Mr. Ramo is in-house counsel to Tyco International Ltd. ("Tyco"), and MSA understands that Tyco is the parent of Scott. Access to protected material by in-house counsel can create a serious risk of inadvertent disclosure. The Government Accountability Office ("GAO") allowed Mr. Ramo access only after he agreed to numerous representations and conditions:

- Mr. Ramo represented to certain facts, including that he does not provide advice concerning competitive decisionmaking, that he is and will remain physically separate from those within Scott who perform competitive decisionmaking, that he is not supervised by those who perform competitive decisionmaking, and that he does not play any role in Scott's commercial or state/local contracts.

- Except for his work on this protest, Mr. Ramo will not provide Scott with any assistance on the current procurement under Air Force Solicitation No. FA8532-05-R-76133 or a resolicitation for the same requirements.

- For a period of two years, Mr. Ramo will not provide legal services to Scott in any competition for any commercial or government contract for

> Self-Contained Breathing Apparatuses (“SCBA”) and/or powered air purifying respirators (“PAPR”) units or related components.

These restrictions are necessary to protect MSA. Tyco and Scott are competitors of MSA, and the Administrative Record will contain proprietary information belonging to MSA, including MSA’s proposal. The restrictions on Mr. Ramo’s access to protected material provided during the GAO proceedings are reasonable, and in fact are the minimum conditions upon which he should be permitted access. In contrast, the proposed protective order would provide Mr. Ramo immediate access to MSA’s proprietary information without any restrictions upon the time, place and manner of his review, or any restrictions upon his future activities with respect to competitive decisionmaking.

MSA proposes instead that the Court strike Mr. Ramo’s name from paragraph 2(e) of the Protective Order. Assuming that Scott becomes a party to this action, Mr. Ramo would submit an application for access in the usual course. MSA will insist that Mr. Ramo’s access be conditioned upon restrictions and conditions, just as they were during the GAO proceedings.

In conclusion, Defendant-Intervenor MSA respectfully opposes the entry of the proposed protective order in the form submitted. To remedy these concerns, MSA proposes that the Court strike the following names from paragraph 2(e) of the proposed protective order and enter the order in all other respects: Bruce S. Ramo, Rand L. Allen, John A. McCullough, Daniel P. Graham, and William J. Grimaldi.

Respectfully submitted,

s/ Thomas P. Humphrey, Esq.
Counsel of Record
Elizabeth W. Newsom, Esq.
Amy E. Laderberg, Esq.
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2500
Fax (202) 628-5116

June 5, 2006

Counsel for Mine Safety Appliances Company

**CERTIFICATE OF FILING/SERVICE**

I hereby certify that on the 5th day of June, 2006, a copy of the foregoing Opposition Of Intervenor Mine Safety Appliances Company To The Motion For A Protective Order was filed electronically. I understand that notice of this filing will be available to the parties by operation of the Court's electronic filing system.

Courtesy service was provided by facsimile and United States mail this 5th day of June 2006 at the following address:

David Hazelton
Latham & Watkins LLP
555 Eleventh Street, N.W.
Suite 100
Washington, D.C. 20004-1304
(202) 537-2201

s/ Thomas P. Humphrey, Esq.