**Electronically Filed on July 13, 2006**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Nos. 06-425 & 06-443
Judge Firestone
**CONSOLIDATED**

INTERSPIRO, INC.,

Plaintiff,

v.

UNITED STATES,

Defendant,

and

MINE SAFETY APPLIANCES CO.,

Intervenor.

SCOTT TECHNOLOGIES, INC., d/b/a
SCOTT HEALTH & SAFETY,

Plaintiff,

v.

UNITED STATES,

Defendant,

and

MINE SAFETY APPLIANCES CO.,

Intervenor.

**DEFENDANT-INTERVENOR MINE SAFETY APPLIANCES COMPANY'S RESPONSE TO INTERSPIRO'S MOTION FOR CLARIFICATION**

Defendant-Intervenor Mine Safety Appliances Co. ("Mine Safety") opposes the order requested by Interspiro, Inc. ("Interspiro") in its July 12, 2006 Motion for Clarification. Instead, Mine Safety respectfully requests that the Court issue an order (1) clarifying that newly-adopted Rule 52.1 applies to these proceedings, (2) stating that former Rule 56.1 does not apply, and (3) striking the 33-page separate "Statement of Uncontested Facts" filed by Interspiro on July 7, 2006, in support of its Motion for Judgment on the Administrative Record as not permitted under Rule 52.1 and as a violation of the page limit under Rule 5.2(b).

This order is needed because Scott and Interspiro each filed a motion for judgment under a different rule. Scott filed its motion pursuant to newly-adopted Rule 52.1, and Interspiro filed its motion pursuant to newly-deleted Rule 56.1. The procedures under each rule materially differ, and the parties need guidance as to which procedures apply.

Under former Rule 56.1, the moving party must file, separately from its brief, a Statement of Facts containing "concise, separately numbered paragraphs setting forth all of the facts upon which the party bases its motion and which are supported by the record," to which the opposing party must respond, point by point, in a Counter-Statement of Facts that is likewise to be filed separately from the opposing party's brief. *See* former RCFC 56.1(b). In contrast, new Rule 52.1 neither requires *nor allows* a party to file a separate Statement of Facts or a separate Counter

Statement of Facts. Instead, the Statement of Facts (and Counter-Statement) must be included in the party's brief. Rule 5.2(b) limits that brief to 40 pages.

Contrary to Interspiro's motion for clarification, Interspiro's papers do not conform to Rule 52.1 and cannot be accepted for filing if Rule 52.1 applies. Interspiro filed both 40 page memorandum of law and a 33-page separate Statement of Uncontested Facts containing 105 numbered paragraphs. Interspiro's 33-page "Statement of Uncontested Facts" is not permitted under Rule 52.1, and if the Court accepted it for filing, Interspiro would exceed the 40 page limit by 33 pages. *See* RCFC 5.2(b)(1). That would be unfair to other parties, to whom the 40-page limit applies. Scott complied with the 40-page limit.

All parties except Interspiro agree that new Rule 52.1 applies to this case and old Rule 56.1 does not. Both Scott and the Government state that they agree that Rule 52.1 applies, and counsel for Scott further informed us that they contacted chambers to confirm that the new rules apply. Indeed, new Rule 86, entitled "Effective Date," makes this very clear, stating in relevant part:

> Those revisions and subsequent amendments to these rules *are applicable to all proceedings pending at the time of adoption or thereafter filed*, except to the extent that in the opinion of the court their application in a particular action pending when the revisions or amendments take effect would not be feasible or would work injustice, in which event the former procedure applies.

RCFC 86 (June 20, 2006) (emphasis added).

Thus, all rule amendments automatically apply to pending cases at the time the amendments are adopted, unless a judge in a particular case orders otherwise.

The Court has not ordered that the new rules do not apply to this case, so new Rule 52.1 governs these proceedings. Former Rule 56.1, which was deleted, does not.

If Rule 52.1 governs this action, the Court cannot accept Interspiro's separate Statement of Facts for filing and should strike that document. On the other hand, if the former Rule 56.1 applies, then Scott's papers are incomplete, because it has not prepared a separate Statement of Facts.

For the reasons set forth above, we respectfully request that the Court decline to issue the order requested by Interspiro in its motion for clarification, and instead issue an order (1) clarifying that newly-adopted Rule 52.1 applies to these proceedings, (2) stating that former Rule 56.1 does not apply, and (3) striking the 33-page separate "Statement of Uncontested Facts" filed by Interspiro on July 7, 2006, in support of its Motion for Judgment on the Administrative Record as not permitted under Rule 52.1 and as a violation of the page limit under Rule 5.2(b).

Respectfully Submitted,

s/ Thomas P. Humphrey, Esq.
Counsel of Record
Elizabeth W. Newsom, Esq.
Amy E. Laderberg, Esq.
Rebecca K. Lee, Esq.
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2500
Fax (202) 628-5116

Counsel for Mine Safety Appliances Company

Dated: July 13, 2006
2774_2

## CERTIFICATE OF FILING

I hereby certify that on the 13th day of July, 2006, the foregoing Defendant-Intervenor Mine Safety Appliances Company's Response to Interspiro's Motion for Clarification was filed electronically. I understand that this filing will be available to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Courtesy service by facsimile was provided at the following addresses:

Dorie Finnerman, Esq.
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-7643 (fax)

Rand L. Allen, Esq.
Daniel P. Graham, Esq.
Wiley, Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C. 20006
(202) 719-7049 (fax)

David R. Hazelton, Esq.
Latham & Watkins
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004
(202) 537-2201 (fax)

s/ Thomas P. Humphrey, Esq.