**AGREED-UPON REDACTED COPY – MAY BE MADE PUBLIC**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **INTERSPIRO, INC.,**<br><br>**and**<br><br>**SCOTT TECHNOLOGIES, INC., d/b/a/ SCOTT HEALTH & SAFETY,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant,**<br><br>**and**<br><br>**MINE SAFETY APPLIANCES CO.,**<br><br>**Defendant-Intervenor.** | **Civil Action No. 06-425C**<br>**(Judge Firestone)** |

**PLAINTIFF INTERSPIRO, INC.'S RESPONSE**
**<u>TO THE COURT'S AUGUST 9, 2006 ORDER</u>**

Plaintiff Interspiro, Inc. ("Interspiro") respectfully submits that the Court should grant the motions filed by all parties to supplement the Administrative Record ("AR") in this case. Every party has identified gaps in the AR as originally filed by Defendant. So long as all of the materials offered to date by all parties are included in the AR, Interspiro does not object to any of the motions filed by the other parties to supplement the AR. A problem arises only if the AR is supplemented with limited materials offered by one party or another.

For example, Defendant has moved to supplement the AR with two sets of Questions and Answers that the Air Force published in <u>Federal Business Opportunities</u> ("<u>FBO</u>") in connection

with this procurement. It did not include, however, the many other items that the Air Force published in the FBO in connection with this procurement or the materials provided by prospective offerors in response to the Air Force's FBO notices. See Interspiro's Supplement to the Administrative Record ("Supp. AR"), Tabs 24-28, 29-33. All of these FBO-related materials should be included in the AR. The Court's Rules provide specifically for the inclusion of this type of material. See RCFC App. C ¶ 22(d) ("the Commerce Business Daily or other public announcement of the procurement")[1]; id. ¶ 22(i) ("correspondence between the agency and the protester, awardee, or other interested parties related to the procurement"). Significantly, Defendant itself emphasized that "the Air Force conducted extensive research into the Air Force needs for SCBA equipment," and that "Industry sources were an important part of this research." See Defendant's Cross-Motion for Judgment Upon the Administrative Record at 2-3.[2]

Similarly, although the AR as filed by Defendant included some materials for Interspiro's earlier protests before the Government Accountability Office ("GAO"), see AR 1890-2134, it omitted key documents including the GAO's decision to dismiss the protests as "academic" in light of the Air Force's promise to take "corrective action." See Supp. AR, Tabs 34 and 35. There is no legitimate basis for including some of the materials before the GAO but not some of the most important ones. Defendant also has recognized the need for declarations to fill the gaps in the AR as originally filed. Given that Defendant has moved to supplement the AR with a

---

1 Although RCFC App. C. ¶ 22(d) lists the Commerce Business Daily as one source of public announcements regarding the procurement, this publication has been replaced by the FBO website. See, e.g., Goodway Graphics of Virginia, Inc., B-297,789, 2006 WL 709847, at *2 n.1 (Comp. Gen. Mar. 21, 2006).

2 In its Cross-Motion for Judgment, the Defendant also cites repeatedly to FBO-related materials that it neither included in the AR as originally filed or in its motion to supplement the AR. Id. at 23-25 (citing to materials at pages 45-46, 48, 66-67, 75 and 89 of the Appendix previously filed by Interspiro). All of these materials cited by Defendant are in Interspiro's proposed Supp. AR.

declaration, it should not be heard to object to the declarations offered by Interspiro.

So long as all of these materials are included in the AR, the Court will have a full and balanced record on which to decide this case. The problem arises, however, when one party selects only limited materials to be included in the AR. "Effective judicial review of an agency's exercise of discretion is irreconcilably at odds with the notion that the reviewing court's inquiry must be confined to an administrative record that is likewise the product of the agency's sole discretion." Int'l Res. Recovery v. United States, 59 Fed. Cl. 537, 541-42 (2004) (quoting Pikes Peak Family Hous., LLC v. United States, 40 Fed. Cl. 673, 677 (1998)).

For the reasons discussed above as well as in Interspiro's Motion and Memorandum to Correct and Supplement the Administrative Record ("Interspiro's Motion"), Interspiro believes that the AR should include all of the materials offered by all parties. Interspiro also requests that Defendant be directed to produce additional materials that it has withheld to date as set forth in the Proposed Order accompanying Interspiro's Motion.

Dated: August 17, 2006

Respectfully Submitted,

David R. Hazelton, Esq. (Counsel of Record)
Joshua K. Chandler, Esq.
LATHAM & WATKINS LLP
555 11th St., N.W., Suite 1000
Washington, D.C. 20004-1304
Direct Dial: (202) 637-2254
Facsimile: (202) 637-2201
David.Hazelton@lw.com
Joshua.Chandler@lw.com
Attorneys for Plaintiff Interspiro, Inc.

Of Counsel:
Kevin A. Russell, Esq.
Kyle R. Jefcoat, Esq.
David P. Palmer, Esq.