**AGREED-UPON REDACTED COPY – MAY BE MADE PUBLIC**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERSPIRO, INC., | ) | |
| and | ) | |
| SCOTT TECHNOLOGIES, INC., d/b/a SCOTT HEALTH & SAFETY, | ) | |
| Plaintiffs, | ) | No.06-425C (Judge Firestone) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| MINE SAFETY APPLIANCES CO., | ) | |
| Defendant-Intervenor. | ) | |

DEFENDANT'S OPPOSITION TO SCOTT'S MOTION TO COMPEL

Pursuant to the Court's Order dated August 9, 2006, plaintiff, Scott Technologies, Inc., filed a document purportedly responding to pending motions to supplement the administrative record. In this filing, Scott states that it does not oppose the Government's motion to supplement the record with the declaration of Laurie Beebe. Scott Response at 4. Scott further adds: "While the Court may entertain one such Declaration, the Government should not be permitted any further opportunity to explain" the basis for its contract award. Id. In a complete reversal of this position, Scott then moves the Court for an order compelling the Government to produce another declaration. What Scott is actually requesting, however, are written responses to its interrogatories or its deposition upon written questions. Scott's request for discovery is not justified, and its motion to compel should be denied.

Scott claims that discovery is necessary because "the Government takes the position that [redacted] Scott Response at 4. This is not an accurate characterization of the Government's response to Scott's motion for judgment.

Scott's motion for judgment was premised upon (1) the RFP requirement that the SCBA system be "field maintainable," AR55, and (2) MSA's proposal, which states that [redacted] AR558. Scott alleged that MSA's proposal [redacted] Scott Motion for Judgment at 25. As we noted in our opposition to Scott's motion, Scott's interpretation is inconsistent with the plain language [redacted] See Def. Cross-Motion at 17-18.

Scott's interpretation also ignores [redacted]

[redacted]

AR, 635, 650 (emphasis added).

In this procurement, the Air Force reviewed not only MSA's written proposal, concluding that it complied with the terms of the RFP, but it also conducted a field evaluation of MSA's

existing commercial SCBA unit. [redacted]

In spite of these findings of compliance with the RFP, Scott seeks a declaration from the Government stating, in essence, that MSA's proposal complied with the requirements of the RFP. See Scott Response at 4 (alleging that the administrative record does not address [redacted]). The voluminous evaluations of the proposal, the Source Selection Decision Document, and the contract award speak for themselves.

Moreover, Scott's motion to compel fails to take into account industry standards and practices with respect to maintenance and repair of SCBAs that are applicable to this procurement. [redacted]

The RFP incorporated NFPA (National Fire Protection Association) Standard 1852, Standard on Selection, Care, and Maintenance of Open-Circuit Self-Contained Breathing Apparatus (SCBA) (2002 edition).[1] AR42, 43. This standard describes the maintenance that is done by the individual users while they are on duty. See § 7.1, User Maintenance. The standard also describes maintenance and repair by technicians who are authorized by the manufacturer. Id., § 7.2, Technician Maintenance. [redacted]

---

[1] A description of the NFPA standard and its table of contents, obtained from www.nfpa.org, as well as relevant excerpts from the standard, are attached to this opposition.

The NFPA standard also provides that organizations utilizing SCBAs "shall establish policies and procedures for qualification and selection of personnel for SCBA technician training and authorization" by the SCBA manufacturer. Id., § 4.8.2. Thus, the standard requires the Air Force to establish procedures for SCBA technician training and authorization by the SCBA manufacturer, MSA.[2] This requirement directly addresses Scott's inquiry [redacted]

Accordingly, it is evident that MSA's proposal complies with both the RFP and the NFPA standard. [redacted] On its face, there is no reason why the Air Force would have had any [redacted].

Nonetheless, Scott wants to know whether there were any communications between the Air Force and MSA [redacted] See Scott Response at 5. The administrative record is replete with communications between the Air Force and the offerors concerning the terms of their proposals. See e.g., AR158-202, 415-507, 1100-84. Undeterred, Scott seeks assurance that no such communications occurred because such communications "would violate bedrock principles of procurement law," which require that "all offerors are entitled to an equal opportunity to revise their proposals." Id. at 4-5. Of course, Scott did have an equal opportunity to revise its proposal. See 1117-18.

---

[2] See also Department of Defense Instruction 6055.6, "DoD Fire and Emergency Services Program," Enclosure 2, ¶ E2.3, "Fire and Emergency Services (F&ES) Standards," which provides, "DoD F&ES shall comply with the standards outlined in the relevant standards promulgated by . . .The National Fire Protection Agency . . . .;" and Air Force Policy Directive 32-20 (20 July1994), ¶ 1.2.3., which provides that the Air Force will "[e]nsure its fire protection operations comply with all applicable national, state, local, and Department of Defense (DoD) regulations, as well as National Fire Codes published by the National Fire Protection Association (NFPA)."

For all these reasons, Scott has not established any basis upon which the Court should compel the Government to answer Scott's interrogatories/deposition by written questions, and the Court should deny its motion to compel.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0300
Fax: (202) 305-7643

Attorneys for Defendant

OF COUNSEL

JAMES CAINE
JOHN G. TERRA, MAJOR
United States Air Force

August 19, 2006