AGREED-UPON REDACTED COPY – MAY BE MADE PUBLIC

**Electronically Filed on August 17, 2006**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| INTERSPIRO, INC., Plaintiff, and SCOTT TECHNOLOGIES, INC., d/b/a SCOTT HEALTH & SAFETY, Plaintiff, v. UNITED STATES, Defendant, and MINE SAFETY APPLIANCES CO., Defendant-Intervenor. | No. 06-425C; No. 06-443C<br>Judge Firestone<br>**CONSOLIDATED**<br>~~**PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER**~~ |

**DEFENDANT-INTERVENOR MINE SAFETY APPLIANCES COMPANY'S RESPONSE IN OPPOSITION TO INTERSPIRO'S MOTION AND MEMORANDUM TO CORRECT AND SUPPLEMENT THE ADMINISTRATIVE RECORD**

Defendant-Intervenor Mine Safety Appliances Co. ("MSA") respectfully requests that the Court deny in part the motion filed by Interspiro, Inc. ("Interspiro") to "Correct and Supplement the Administrative Record." In particular, the materials at Tabs 24 through 31 and 36 to 39 of Interspiro's proposed "Supplement to the Administrative Record" are inappropriate for inclusion in the record because they have no bearing upon whether or not the Air Force's award decision was correct, and Interspiro has not offered any other meaningful

justification for supplementing the record with them.[1] Indeed, many of these documents are self-serving *post-hoc* declarations of the sort this Court routinely refuses to add to agency administrative records. The remainder were created before the RFP was even issued, and clearly have no bearing on the propriety of the evaluation and award decision.

### A. The Documents at Tabs 27, 29 and 39 are Untimely

At the outset, the Court should note that the documents at Tabs 27, 29 and 39 of Interspiro's proposed supplementation are untimely. Interspiro did not submit these documents with its motion for judgment or the appendix it filed in support of that motion. Interspiro provided them to the other parties for the first time in the subject motion to supplement the record, which it filed more than a month after the deadline for its motion for judgment on the administrative record, and a day after the Government and MSA filed cross motions. Interspiro fails to mention in its motion to supplement that it never previously suggested to the other parties that these documents should be added to the record.

Interspiro was required to present the bases for its arguments in its motion for judgment, so that the Government and MSA could respond in their

[1] Interspiro's motion to supplement the record with the documents at Tabs 32 and 33 is moot, because those documents are already in the record. The Government added them on August 7, 2006 prior to Interspiro's filing the subject motion. MSA does not object to supplementing the record with Tabs 34 and 35, which are two documents from the GAO proceedings. The record already contains much of the GAO record and these documents help complete the GAO record, although they are irrelevant to the propriety of the award decision.

responses/cross motions. The Government and MSA should not be required to respond to new matters in their reply briefs. There is no basis to supplement the record with these documents in any event, but the Court should also deny Interspiro's motion with respect to Tabs 27, 29, 39 for the additional reason that they are untimely.

### B. Interspiro Fails to Bear Its Burden to Establish Any Flaw in the Record

As the Court is aware, the APA standard of review applies in bid protests such as this. *Cardinal Maintenance Serv., Inc. v. United States*, 63 Fed. Cl. 98, 105 (2004). As a result, this Court's review is generally limited to the administrative record. *Id.* at 105. This Court may allow the record to be supplemented, but only in "limited circumstances." *Input/Output Technology, Inc. v. United States*, 44 Fed. Cl. 65, 73 n.4 (1999). Thus, before it can supplement the record, Interspiro must *first* demonstrate that this case presents one of the "limited circumstances" in which supplementation may be allowed. For example, one of the "few recognized exceptions" for supplementing the record is to "fill gaps" where the agency action is "not adequately explained." *Id.* Before Interspiro can supplement the record to fill such a gap, Interspiro must first establish that there *is* a gap in the agency's explanation of the award decision.

Interspiro, however, has made no showing of any gaps in the agency's explanation nor any other circumstances to justify supplementing the record at all, let alone with the disputed documents at Tabs 24 through 31 and 36 to 39. These



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

disputed documents fall generally into 2 categories: (1) documents created *before the RFP was even issued* (Tabs 24 to 31); and (2) self-serving declarations by Interspiro representatives (Tabs 36 to 39).

### 1. Interspiro has Failed to Justify Supplementation of the Record with Pre-RFP Market Research Documents (Tabs 24 to 31)

Interspiro seeks to add various documents that were created before the RFP was even issued. These documents, set forth at Tabs 24 to 31, consist of the Air Force market research materials generated before the Air Force finalized the RFP for this procurement.

Interspiro's sole argument that these and other market research documents[2] should be added to the record is that they are "highly relevant" and were not included in the record therefore there is a gap in the record. Interspiro Mot. at 10. Interspiro never identifies how they could possibly be relevant. Indeed, Interspiro's argument is circular: the Court must assume that Interspiro's arguments are correct in order for the Court to find that there is a gap in the record that Interspiro's documents must fill. This argument is, of course, backwards.

What is at issue in this case is whether the Air Force performed the evaluations in accordance with the RFP evaluation criteria. Interspiro has failed to explain how records created before the RFP was even issued are relevant to how the

---

[2] Interspiro also seeks discovery (although it does not call it discovery) in that it insists that the Government produce all other market research materials it may have. Interspiro Mot. at 8 n.3.

RFP was applied. While Interspiro spends several pages rehashing whole sections of its motion for judgment in which it claims to have talked to the Air Force during pre-RFP market research about the capabilities of its various products, Interspiro never explains how all of this sheds light on whether the Air Force applied the RFP evaluation criteria properly. At most, Interspiro's contentions might be relevant if the question before the Court concerned how the Air Force *developed* the RFP. But it is not at all relevant to how the Air Force *applied* the RFP to the proposals.

Moreover, although Interspiro never states so explicitly, Interspiro seems to imply that the Air Force tailored the RFP requirements around Interspiro's technology. Interspiro Mot. at 9. Even if that were true – and the Government's motion demonstrates that it is not true – it is clearly irrelevant. Regardless how the Air Force developed its requirements, the Air Force was obligated to apply those requirements equally to all proposals that were submitted in response to the RFP. *See World Travel Serv. v. United States*, 49 Fed. Cl. 431, 442 (2001). No offeror is entitled to be highest rated on the basis of market research instead of on the merits of the competing proposals. Thus, the question comes back to whether or not the record demonstrates that the Air Force had a rational basis for evaluating the *proposals* as it did, and a rational basis for awarding to MSA. *Id.*

Again, Interspiro never states so explicitly, but seems to imply that the Air Force was obligated to include in the evaluation all the market research data it gathered before proposals were submitted, regardless of what the offerors provided in their proposals. On the contrary, the FAR makes explicit that responses by

vendors to the Government's market research questions "are not offers and cannot be accepted by the Government to form a binding contract." FAR 15.201(e). Moreover, an agency is entitled to rely upon the proposals submitted by an offeror, and evaluators are not required to infer an offeror's intent from an "inadequately detailed proposal." *HDL Research Lab*, B-294959, Dec. 21, 2004, 2005 CPD ¶ 8. Indeed, the RFP imposed had strict page limitations for written proposals, *see* RFP AR 28, and if the agency were to allow one offeror in effect to supplement its proposal with previously submitted market research materials, that would be unfair to the other offerors. *See ITT Electron Tech.*, B-242289, Apr. 18, 1991, 91-1 CPD ¶ 383 (agency's review of a proposal appendix that exceeded solicitation page limit was improper).

In addition, agencies are generally required to conduct market research and have exchanges with industry prior to conducting procurements. *See, e.g.*, FAR 15.201, 10.001. The materials generated and received by the agency during pre-procurement exchanges with vendors may be voluminous, as well as irrelevant. If the Government were required to include all market research materials in the record in every bid protest, this Court and GAO would be deluged with irrelevant documents.

In sum, Interspiro has made no showing that it is entitled to supplement the record with pre-RFP documents. Its motion to supplement with the documents at Tabs 24 to 31 should be denied.

**2. Interspiro has Failed to Justify Supplementation of the Record with the Self-Serving Declarations of Interspiro Representatives (Tabs 36 to 39)**

Interspiro also seeks to supplement the record with declarations of Interspiro representatives, including 2 declarations from Interspiro's President, Michael Brookman (Tabs 37, 39), and one each from Interspiro's outside patent counsel Roger Hepperman (Tab 38) and Interspiro's retained "expert" Wade Grimm (Tab 36). None of these declarations should be included in the record because they were not before the agency during the evaluation and are therefore *post-hoc*. They are exactly the sort of declarations that this Court routinely declines to add to administrative records. *See, e.g., Cardinal Maintenance Serv., Inc. v. United States*, 63 Fed. Cl. 98, 105 (2004) (denying motion to supplement record with declarations of plaintiff's that "do not purport to contain statements by the contracting officer or his authorized representative").

Interspiro argues that the second Brookman declaration (Tab 39) – which should be rejected as untimely as discussed above – should be added because it purports to provide information about the Air Force's market research questions and Interspiro's responses thereto. Interspiro Mot. at 17. That argument should be rejected for the reasons set forth above.

Interspiro argues for the inclusion of the first Brookman declaration because Interspiro claims it "provides helpful background information," shows that the Air Force failed to consider relevant factors, and it "may assist the court." *Id.* at 17-18. Interspiro has failed to show that there are any gaps in the record with regard to

"helpful background information." In any event, the "helpful background information," information about so-called missing relevant factors and assistance to the court are merely code words for additional Interspiro argument through a self-serving company declaration. Mr. Brookman's declaration does not shed light upon the conduct of the Air Force's evaluation because he was not privy to that evaluation. He does not identify any factors not considered by the Air Force because he does not know what the Air Force considered. To the extent Mr. Brookman purports to provide information that is not contained in Interspiro's proposal, his declaration is irrelevant, because the Air Force was required to evaluate what was in Interspiro's proposal. There is no basis to supplement the record with the Brookman declarations.

Interspiro argues for inclusion of the Hepperman declaration and attachments thereto because it provides additional information about Interspiro's patent applications and could "assist the court." Interspiro Mot. at 18-19. This material should not be included. Whatever information about its patent applications Interspiro wished the Air Force to consider [redacted]. It is extremely unfair to the agency for an offeror to [redacted]. *See HDL Research Lab*, B-294959, Dec. 21, 2004, 2005 CPD ¶ 8 [redacted]. Moreover, to the extent that Mr. Hepperman's declaration purports to offer an opinion that Interspiro's patent applications will be granted, that opinion is



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

inadmissible because it is exactly the sort of second-guessing that is improper for an offeror or the Court to engage in. *See Banknote Corp. v. United States*, 56 Fed. Cl. 377, 384 (2003), *aff'd*, 365 F.2d 1345 (Fed. Cir. 2004).

Finally, Interspiro argues for inclusion of the Grimm declaration, claiming it "provides helpful background information." Interspiro Mot. at 19. In fact, Mr. Grimm offers no basis for a determination that the Air Force judgments were irrational, but merely opines as to the judgments he might have made had he been an evaluator. Such opinions are inappropriate second-guessing that are improper for an offeror or the Court to engage in. *Banknote*, 56 Fed. Cl. at 384, *aff'd*, 365 F.2d 1345 (Fed. Cir. 2004). Mr. Grimm sheds no light on the facts of the evaluation, because he was not there. Indeed, none of the declarations fill gaps or otherwise explain the agency award decision, because the declarants played no part in it. Their declarations are merely *post-hoc* documents offered to support Interspiro's claims in self-serving fashion, and as such should not be included in the record. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) ("an agency's action must be upheld, if at all, on the basis articulated by the agency itself").



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

## CONCLUSION

For the foregoing reasons, Defendant-Intervenor MSA respectfully requests that the Court deny Interspiro's Motion to Correct and Supplement the Administrative Record with the documents at Tabs 24 through 31 and 36 through 39 of Interspiro's proposed supplementation.

Respectfully Submitted,

Of Counsel:
Brian T. McLaughlin

s/ Thomas P. Humphrey, Esq.
Counsel of Record
Elizabeth W. Newsom, Esq.
Amy E. Laderberg, Esq.
Rebecca K. Lee, Esq.
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2500
Fax (202) 628-5116

August 17, 2006

Counsel for Mine Safety Appliances Company

**CERTIFICATE OF FILING**

I hereby certify that on the 17th day of August, 2006, the foregoing Response in Opposition to Interspiro's Motion to Correct and Supplement the Administrative Record was filed electronically. This filing will be available to all parties by operation of the Court's electronic filing system.

Courtesy service was also provided at the following addresses:

Rand L. Allen, Esq.
Daniel P. Graham, Esq.
Wiley, Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C. 20006

David R. Hazelton, Esq.
Latham & Watkins
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

Dorie Finnerman, Esq.
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

s/ Thomas P. Humphrey, Esq.