AGREED-UPON REDACTED COPY – MAY BE MADE PUBLIC

**Electronically Filed on August 25, 2006**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | |
|---|---|
| INTERSPIRO, INC.,<br>Plaintiff,<br>and<br>SCOTT TECHNOLOGIES, INC., d/b/a SCOTT HEALTH & SAFETY,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant,<br>and<br>MINE SAFETY APPLIANCES CO.,<br>Defendant-Intervenor. | No. 06-425C; No. 06-443C<br>Judge Firestone<br>**CONSOLIDATED**<br>**PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER** |

**DEFENDANT-INTERVENOR MINE SAFETY APPLIANCES COMPANY'S RESPONSE TO INTERSPIRO'S MOTION TO RESOLVE DISAGREEMENT REGARDING PROTECTED INFORMATION**

Defendant-Intervenor Mine Safety Appliances Company ("MSA") respectfully requests that the Court deny Interspiro's request to make public certain information about MSA's proposal that was redacted, at MSA's insistence, from various filings. Interspiro contends that this information is "already public," but that is incorrect. The information is *not* public, and these excerpts reveal aspects of what MSA proposed.

At issue are redactions on five pages from Interspiro's Memorandum of Points and Authorities in Support of its Motion for Judgment on the Administrative Record filed on July 19, 2006. Table 1, attached as Exhibit A, identifies the language in dispute.[1] In Part A we describe the information in dispute and establish that the information that Interspiro seeks to release would reveal aspects of MSA's proposal. In Part B we refute Interspiro's contention that this information has been made public. And in Part C we argue that the Court should err on the side of conservatism in determining whether to release a party's information over its objection.

### A. The Disputed Redactions Concern Non-Public Information about MSA's Proposal

Nearly all of the disputed redactions revolve around the same dispute: whether or not it ought to be made public that MSA proposed [redacted]

For example, in the first disputed redaction on page 4, MSA redacted the word [redacted]

---

[1] Exhibit A is a table listing the disputed redactions. Exhibit B is Interspiro's Proposed Redacted copy of its Memorandum. Exhibit C contains MSA's proposed additional redactions. Exhibit D contains excerpts of Interspiro's redacted Amended Complaint.

[redacted]

The disputed redactions on pages 12 and 13 are similar. The redactions on page 12 would [redacted]

Other redactions were taken because of the context in the surrounding paragraphs. The redaction on page 13 of [redacted]

---

2 Interspiro voluntarily redacted that same information almost everywhere else in its memorandum. *See, e.g.*, Exh. B at pages 1, 18, 19, 21 (excerpts of Interspiro's Proposed Redacted copy). Interspiro's contentions are internally inconsistent.

[redacted] Similarly, the other redaction on page 19 of the words [redacted] The redactions on page 24 also would reveal [redacted] The last redaction on page 24 would, [redacted]

Thus, if left unredacted this language would reveal, [redacted]

B. **Contrary to Interspiro's Contentions, This Information is Not Public**

Interspiro does not dispute that the language at issue reveals information about MSA's proposal. Rather, Interspiro argues that it is "already publicly available" information that [redacted]

[redacted] However, the only "evidence" Interspiro cites to show that such information is "publicly available" is its own Amended Complaint. It states in paragraph 25 that Interspiro has a "unique position as the developer of the SCBA/PAPR combination technology." Agreed-Upon Redacted Copy, Interspiro Am. Compl. ¶ 25, Exh. D.

However, the allegation in the Amended Complaint, read both alone and in context, merely states [redacted] It does not state [redacted] Moreover, Interspiro has made no showing that any of the other information it seeks to release is in the public domain. Thus, the disputed redactions would provide information not available from Interspiro's Amended Complaint.

### C. The Court Should Err on the Side of Redacting Information About an Offeror's Proposal

Significantly, all of the disputed redactions convey information about *MSA's* proposal. MSA seeks to protect its own information, and Interspiro seeks to obtain public release of MSA's information. The Court should be very conservative when determining whether to release a party's proposal information over that party's objection, particularly while a protest is ongoing. The Court should err on the side of not releasing any information that could reveal a party's proprietary information, both to protect that party, and also to protect the integrity of the procurement.



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

Notably, Interspiro was extremely conservative when redacting its own proposal information from its memorandum. Interspiro redacted whole swaths of its memorandum that discussed its own technology. *See* Exh. A, pages 3, 4, 10, 11, 19, 21 (excerpts of Interspiro proposed redactions). MSA's counsel has not challenged those redactions. The same deference ought to be extended to MSA's redactions to information about MSA's proposal.

## CONCLUSION

For the reasons set forth above, we respectfully request that the Court deny Interspiro's motion to make public the redacted information.

Respectfully Submitted,

Of Counsel:
Brian T. McLaughlin

s/ Thomas P. Humphrey, Esq.
Counsel of Record
Elizabeth W. Newsom, Esq.
Amy E. Laderberg, Esq.
Rebecca K. Lee, Esq.
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2500
Fax (202) 628-5116

August 25, 2006

Counsel for Mine Safety Appliances Company

**CERTIFICATE OF FILING**

I hereby certify that on the 25th day of August, 2006, a copy of the foregoing Response to Interspiro's Motion to Resolve Disagreement Regarding Protected Information was filed electronically. This filing will be available to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Courtesy service was also provided at the following addresses:

Rand L. Allen, Esq.
Daniel P. Graham, Esq.
Wiley, Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C. 20006

David R. Hazelton, Esq.
Latham & Watkins
555 11th Street, N.W.
Suite 1000
Washington, D.C. 20004

Dorie Finnerman, Esq.
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

s/ Thomas P. Humphrey

# Exhibits A, B and C

# Redacted in Their Entirety

AGREED-UPON REDACTED COPY – MAY BE MADE PUBLIC

# EXHIBIT D

AGREED-UPON REDACTED COPY
MAY BE MADE PUBLIC

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **INTERSPIRO, INC.,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES,**<br>**Defendant,**<br>**and**<br>**MINE SAFETY APPLIANCES, INC.,**<br>**Defendant-Intervenor.** | **CASE NO.06-425C**<br>**(Judge Firestone)** |

**AMENDED COMPLAINT OF PLAINTIFF, INTERSPIRO INC.**

1. Plaintiff Interspiro, Inc. ("Interspiro") protests the actions of the Air Force Materiel Command ("Air Force") in connection with the award of a fixed-price requirements contract to Mine Safety Appliances Company ("MSA") pursuant to Request for Proposals No. FA8532-05-R-76133 ("RFP"). The Air Force made the award to MSA at an evaluated price of $35,995,298. [redacted] For these and other reasons set forth in this Complaint, Interspiro respectfully submits that the Air Force's actions were arbitrary, capricious and contrary to law. See 28 U.S.C. § 1491(b)(4) incorporating by reference 5 U.S.C. § 706.

AGREED-UPON REDACTED COPY
MAY BE MADE PUBLIC

24. A review of the Administrative Record reveals that the Air Force failed to consider the existence of the pending patents or their potential effect on the RFP. For example, the Air Force failed to consider whether MSA's proposed solution would infringe Interspiro's pending patents. Nor did the Air Force consider the potential cost impact to MSA's proposal were MSA to negotiate royalty or license fees for the use of Interspiro's SCBA/PAPR combination technology. Furthermore, as a "commercial item" procurement, the RFP does not contain FAR clauses under which the Government could authorize or consent to another offerors infringement of a patent. Therefore, the Air Force should have considered the risks to MSA's proposal of meeting scheduled delivery requirements and the risk of not being able to produce MSA's product at all, because of potential failure to reach a royalty or licensing fee agreement with Interspiro. The Air Force failed to consider any of the risks associated with the pending patents filed by Interspiro.

25. In sum, the Air Force's source selection decision ignored critical facts related to Interspiro's unique position as the developer of the SCBA/PAPR combination technology, and the only manufacturer which could offer SCBA/PAPR products as "commercial items." Not only should the Air Force have credited Interspiro for the advanced state of its SCBA/PAPR technology and products, but it also should have taken into consideration the challenges – both legal and technical – confronting other offerors seeking to develop or utilize this technology.

[redacted]