**AGREED-UPON REDACTED COPY – MAY BE MADE PUBLIC**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **INTERSPIRO, INC.,**<br><br>**and**<br><br>**SCOTT TECHNOLOGIES, INC., d/b/a/ SCOTT HEALTH & SAFETY,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant,**<br><br>**and**<br><br>**MINE SAFETY APPLIANCES CO.,**<br><br>**Defendant-Intervenor.** | **Civil Action No. 06-425C**<br>**(Judge Firestone)** |

**PLAINTIFF INTERSPIRO INC.'S MOTION FOR**
**LEAVE TO AMEND ITS COMPLAINT**

Pursuant to Rule 15 of the United States Court of Federal Claims, Plaintiff Interspiro, Inc. ("Interspiro"), respectfully submits this Motion for Leave to Amend its Complaint. Attached is Interspiro's Proposed Second Amended Complaint dated August 24, 2006.

Defendant-Intervenor, Mine Safety Appliances, Inc. ("MSA"), complained in its Opposition to Interspiro's Motion for Judgment on the Administrative Record and Cross Motion for Judgment on the Administrative Record ("MSA Mot."), that: "Interspiro's arguments in Sections A.2, B.2, B.3, C.1, and C.2 [of Interspiro's Memorandum of Points and Authorities in Support of its Motion for Judgment on the Administrative Record ("Int. Mot.")] were not

included in its Amended Complaint." MSA Mot. at 11 n.2. MSA also complained in its Reply to Interspiro's Response to MSA's Motion for Judgment on the Administrative Record ("MSA Reply") that Interspiro's arguments in Section II.C of its Response to Defendant's and Defendant-Intervenor's Cross-Motions for Judgment ("Interspiro Reply") were not included in its prior filings. See MSA Reply at 18. Nevertheless, MSA argues in its briefs against the very allegations which it complains were not included within the amended complaint. See MSA Mot. at 11-46; MSA Reply at 18-20. Notably, the Defendant, the Air Force, did not object to these arguments being outside of Interspiro's Amended Complaint. Moreover, the Air Force also addressed these allegations in its Cross-Motion for Judgment Upon the Administrative Record and Opposition to Plaintiffs' Motions for Judgment Upon the Administrative Record ("AF Mot."). See AF Mot. at 21-41.

"[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." M.A. DeAtley Constr., Inc. v. United States, 2006 U.S. Claims LEXIS 178 at *6 (Ct. Cl. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, MSA's arguments were all fairly included within its Amended Complaint.

The argument in A.2 of Int. Mot. concerns the Air Force's failure to credit Interspiro for proposing the only "commercial item." See Int. Mot. at 19-21. Interspiro's Amended Complaint ("Int. Am. Compl.") specifically states "the Air Force's source selection decision ignored critical facts related to Interspiro's unique position as ... the only manufacturer which could offer SCBA/PAPR products as 'commercial items.'" Int. Am. Compl. ¶ 25. The argument in B.2 points out the Air Force's [redacted]

[redacted] See Int. Mot. at 24-26. Interspiro alleged that the Air Force failed to consider the risks involved with MSA's unproven design. Int. Am. Compl. ¶ 54.

The argument in B.3 concerns MSA's [redacted] See Int. Mot. at 26. With regard to field evaluation, Interspiro's Amended Complaint specifically alleged: "Interspiro ... has an existing product which it can use with only minor modification to meet the government's needs, while MSA and other competitor's products are still in development." Int. Am. Compl. ¶ 49. The argument in C.1 points out the Air Force's [redacted]. See Int. Mot. at 27-31. Interspiro alleged that the Air Force failed to consider the risks in MSA's design approach. See Int. Am. Compl. ¶ 50. Also, the argument in C.2 focuses on the Air Force's [redacted] See Int. Mot. at 31-32. Interspiro singled out MSA's complete lack [redacted] and the Air Force's failure to consider Interspiro's performance as the incumbent on this contract. See Int. Am. Compl. at ¶ 51.

Finally, the argument in Section II.C of Interspiro's Response to Cross-Motions concerning the evaluation of contracts was fairly included within the Amended Complaint when Interspiro stated that "the contracts that Interspiro submitted for the Air Force to consider demonstrated Interspiro's past expertise in development and production of SCBA systems and related products." Int. Am. Compl. at ¶ 55.[1]

All of these arguments were fairly included within Count I (Failure to Evaluate Proposals Reasonably and in Accordance with the RFP's Requirements); Count II (Failure to Properly

---

1 MSA also complains that this argument was not included in Interspiro's Motion for Judgment on the Administrative Record. See MSA Reply at 18. Interspiro's Motion for Judgment included this argument as a central point. See Int. Mot. at 32-33.

Consider Price and Weigh Price and Non-Price Factors); Count IV (Failure to Evaluate All of the Information Presented in Accordance with RFP's Requirements); and Count V (Failure to Evaluate Proposals Consistently).

In an abundance of caution, Interspiro asks that it be permitted to amend its complaint a second time. Rule 15(a) of the Court of Federal Claims provides that when a party requests to amend its pleadings, "leave shall be freely given when justice so requires." The Supreme Court has instructed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962). To the extent, if any, that the general allegations in the current Amended Complaint are insufficient, justice would require allowing the amendment of the Complaint to correct those deficiencies. The arguments made in Int. Mot., to which both the Air Force and MSA respond in their opposition motions and their replies, are the "proper subject of relief." Moreover, no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or prejudice to the Defendant or Defendant-Intervenor has even been alleged. "The burden is on the party opposing the amendment to show such prejudice." Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977). In fact both MSA and the Air Force have already written responses to the arguments against which MSA complained.[2]

---

[2] Indeed in many respects Interspiro's request for leave to amend its Complaint appears to fall in the realm of Rule 15(b). To the extent that theses issues were not raised by the complaint, they are being vigorously debated and tried among the parties. In such a

AGREED-UPON REDACTED COPY – MAY BE MADE PUBLIC

Additionally, the amendment being made merely adds particular facts and does not add any additional Counts to the Complaint.

Based on the controlling law and relevant facts Interspiro respectfully requests that the Court enter the accompanying proposed Order granting Interspiro's Motion for Leave to Amend its Complaint.

Dated: September 1, 2006

Respectfully Submitted,

David R. Hazelton, Esq. (Counsel of Record)
Joshua K. Chandler, Esq.
LATHAM & WATKINS LLP
555 11th St., N.W., Suite 1000
Washington, D.C. 20004-1304
Direct Dial: (202) 637-2254
Facsimile: (202) 637-2201
David.Hazelton@lw.com
Joshua.Chandler@lw.com

Attorneys for Plaintiff Interspiro, Inc.

Of Counsel:
Kevin A. Russell, Esq.
Kyle R. Jefcoat, Esq.
David P. Palmer, Esq.
LATHAM & WATKINS LLP

---

situation, "the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits." ROCFC 15(b). There is no prejudice to MSA where they have had the materials available to them and actively have litigated the issues.